Gilbert *v.* Sweetser.

## GILBERT *vs.* SWEETSER.

Where a statute confers certain powers upon, or requires certain duties to be performed by, any two justices *quorum unus,* it is only necessary that one should be of the *quorum.*

In this case, which was a writ of entry, the tenant obtained a verdict by means of a deposition *in perpetuam,* before two magistrates, styled, in the caption, "justices of the peace *quorum unus.*" The demandant objected to the admission of the deposition, because only one of the magistrates was a justice of the *quorum,* the other holding simply a commission of the peace; but the Chief Justice overruled the objection, and saved the point for the decision of the court ; together with some others which were taken at the trial, but not afterwards insisted on.

*Greenleaf* and *Daveis,* for the demandant.

*Hopkins,* for the tenant.

WESTON J. delivered the opinion of the court.

The term, *quorum unus*, we derive from our ancestors. In England, all the justices for a county are appointed and named in one commission, under the great seal. This appoints them all, jointly and severally, to keep the peace ; and any two or more of them, that is, in a court of sessions, to inquire of and determine felonies and other misdemeanors ; in which number, *Blackstone* says, 1 *Com.* 351, some particular justices, or one of them, are directed to be always included, and no business to be done without their presence ; the words in the commission running, *quorum aliquem vestrum, A. B. C. D. &c. unum esse volumus.* This formerly embraced only á select number, eminent for their skill and discretion; now all are named over in the *quorum* clause except some inconsiderable person, for the sake of propriety. In accordance with this commission, an assembly of two justices or more, *quorum unus*, makes a session, not only for inquiry, but to hear and determine. 4 *Com. Dig.* 670. *Justices of the peace*, *D*, 1. Here it is very manifest that this term does not require that they should all be of the *quorum* ; but only that one of them must be. It will, it is believed, be found, that wherever a British act of parliament has conferred special powers upon any two or more justices, *quorum unus*, it is always understood, and that clearly, by reference to the terms of their commission, that the presence of one only, of the dignity of the *quorum*, is made necessary.

This class of justices has been long known in Massachusetts, and this State; but as each individual appointed receives a separate commission, their designation as of the *quorum*, is not made as it is in the general English commission. The phrase however, *quorum unus*, being a familiar legal term, and carrying with it, where it was first used, a plain and definite meaning, has been continued in our statute book; although, like the names of certain writs, not to be understood by rendering it into English, without adverting to its origin or history.

By the provincial act of 11 *W. 3. Ancient Charters, &c. 326,*

a court of general sessions was constituted, consisting of the justices of the peace in each county. And by statute of 1782, *ch.* 21, subsequent to the revolution, it was re-established in the same manner. No provision is made, in either of those acts, as to what number should constitute a *quorum* ; nor are the different grades of justices recognized. But as much of their judicial power could be ascertained only by adverting to the authority of the same court in England, derived there principally from statutes adopted here as part of our common law, and which is expressly referred to in the statute of the commonwealth, as one of the sources of their jurisdiction; it was understood here, as in England, that the court might be holden by a limited number of justices. There it might be holden by any two or more, *quorum unus,* but here it seems, according to the tenor of the old commissions, while the court of general sessions continued, by any three or more, *quorum unus.* Why this number varied from that which was limited in England, or by what authority it was thus settled here, does not appear. From this limitation was derived the only distinction between the two grades, which appeared in the commissions of the justices in Massachusetts ; a distinction not created, although often recognized, by statute, but depending on common law. Thus if, in the old commissions, the justice was empowered, with any two justices of the peace for the same county, to hear and determine thefts, trespasses, riots, routs, &c. he was of the *quorum.* If he was empowered to do so with other justices of the peace for the same county, he was not of the *quorum.* After the court of general sessions ceased to exist, the style was changed ; and those appointed to the higher grade, were expressly commissioned as such.

From a consideration of the origin and history of this term, we are well satisfied, that whenever a statute confers certain powers upon, or requires certain duties to be performed by, any two justices, *quorum unus,* it is only necessary that one should be of the *quorum.* And this we have no doubt, has been the practical construction. When the legislature have a different intention, it is otherwise expressed. Thus where jurisdiction is given to two justices, in regard to bailable offences, each is required to be

'of the *quorum* ; so the same expression is used in designating the justices, by whom the oath to poor prisoners·is to be administered.    *Stat.* 1821, *ch.* 68, and *ch.* 209, *sec.* 13.

The law requiring that depositions *in perpetuam*, should be taken and certified by two justices *quorum unus*, and one of the justices being of the *quorum*, who officiated in taking the deposition in question, the opinion of the court is, that it was properly ,admitted.    No objection can be legally taken, nor has any been urged in argument, to the instructions of the presiding judge to the jury, the correctness of which was one of the points reserved ; there must therefore be

Judgment on the verdict.